[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STIPULATION OF FACTS CT Page 4961
EXHIBIT "E"
The parties hereby stipulate the following facts with purposes of trial:
1. The document attached hereto as Exhibit A is a true and genuine copy of a mortgage note executed by Jonathan Greene and Shari A. Greene in favor of James Walker and Audrey Walker, dated June 5, 1986 (the "Mortgage Note"). The Mortgage Note was delivered to James Walker and Audrey Walker on or about June 5, 1986.
2. The document attached hereto as Exhibit B is a true and genuine copy of a mortgage deed of the property known as 24 Sunsets Farm Road, West Hartford, Connecticut (the "Premises") from Shari A. Greene to James Walker and Audrey Walker, dated June 5, 1986 (the "Mortgage Deed"). The Mortgage Deed was delivered by said Shari A. Greene to James Walker and Audrey Walker on or about June 5, 1986, and was recorded on the West Hartford Land Records on June 5, 1986 in Volume 1069, Page 144.
3. The document attached hereto as Exhibit C is a true and genuine copy of a Mortgage Modification Agreement executed by Shari A. Greene, James Walker and Audrey Walker on or about December 10, 1986 (the "Mortgage Modification Agreement"). The Mortgage Modification Agreement was delivered by said Shari A. Greene to James Walker and Audrey Walker on or about December 10, 1986, and was recorded on the West Hartford Land Records on December 19, 1986 at Volume 1143, Page 191.
4. The document attached hereto as Exhibit D is a true and genuine copy of a Ratification Agreement executed by Jonathan Greene on or about October 19, 1987 (the "Ratification Agreement"). The Ratification Agreement was delivered thereafter by Jonathan Greene to James Walker and Audrey Walker.
5. No payments have at any time been made by or on behalf of Jonathan Greene and Shari Greene under the Mortgage Note, the Mortgage Deed, and the Mortgage Modification Agreement.
6. From January 25, 1988, the Mortgage Deed, as modified, was a third mortgage junior in right to the following other mortgages:
a. First mortgage to Helene Fishman, Trustee, CT Page 4962 dated June 5, 1986, in the original principal amount of $400,000.00 (the "Fishman Mortgage"); and
b. Second mortgage to Walter Talarski, dated December 15, 1986, in the original principal amount of $150,000.00 (the "Talarski Mortgage") (as to which mortgage the Mortgage Deed was subordinated by a Subordination Agreement dated December 10, 1986).
7. Walter Talarski commenced an action to foreclose the Talarski Mortgage returnable October 6, 1987, Judicial District of Hartford/New Britain at Hartford, Docket No. CV-87-0336139 S. Judgment of strict foreclosure entered thereunder on November 30, 1987, under which judgment James Walker and Audrey Walker were assigned a law day of January 25, 1988.
8. James Walker and Audrey Walker redeemed the Talarski Mortgage on their law day, January 25, 1988, by paying to Walker Talarski the sum of $160,081.41.
9. On February 24, 1988, James Walker and Audrey Walker sold the Premises to Michael P. Solimene for a purchase price of $787,500.00
10. On or about February 24, 1988, James Walker and Audrey Walker, in order to procure a release of the Fishman Mortgage, paid the sum of $485,600.00, that amount being the sum agreed by the parties to be due and payable under said mortgage.
11. On or about February 24, 1988, James Walker and Audrey Walker paid the Town of West Hartford real estate taxes due on the list of October 1, 1986 relative to the Premises in the amount of $7,506.98. At Closing, James Walker and Audrey Walker were allowed a credit of $2,509.54 with respect to such real estate taxes, resulting in a net payment of $4,997.44.
12. In order to finance the above-mentioned redemption, James Walker and Audrey Walker borrowed $640,000.00 from The Connecticut Bank and Trust Company, N.A., in connection with which they paid a commitment fee of $6,400.00 plus fees for counsel for The Connecticut Bank and Trust Company in the amount of $545.00, resulting in a total cost to them of $6,945.00.
13. For the period between January 24, 1988 and February 25, 1988, James Walker and Audrey Walker paid interest on the above-mentioned loan to The Connecticut Bank Trust Company in the amount of $4,507.00.
JAMES E. WALKER AND AUDREY WALKER CT Page 4963 PLAINTIFFS
By David S. Hoopes For Cohn Birnbaum P.C. Their Attorneys
JONATHAN GREENE AND SHARI A. GREENE, DEFENDANTS
Richard E. Lacey, Esq. Lacey Ziogas Their Attorneys
AGREEMENT
EXHIBIT D
I, JONATHAN GREENE, do hereby ratify and endorse a certain Mortgage Modification Agreement dated December 10, 1986 and recorded in Volume 1143 at Page 191 of the West Hartford Land Records, which Modification was intended by me to include myself in addition to Shari A. Greene as Grantor, and intended to obligate myself in addition to Shari A. Greene according to the terms of the Modification.
IN WITNESS WHEREOF, I have executed this Agreement this 19th day of October, 1987.
Jonathan Greene
CALCULATION OF AMOUNT DUE
1. Interest on $185,000.00 @ 10% — 6/5/86 — 12/10/86 $ 9,507.15
2. Interest on $200,000.00 @ 10% — 12/10/86 — 6/5/88 39,722.22
3. Interest on $200,000.00 @ 12% — 6/5/88 — 11/28/90 47,533.33
4. TOTAL ACCRUED INTEREST 96,762.70
5. Plus Principal 200,000.00
6. TOTAL AMOUNT DUE AS OF 11/28/90 $296,762.70
7. Per Diem $ 66.66
 CALCULATION OF AMOUNT DUE ASSUMING CREDIT GIVEN TO DEFENDANTS FOR VALUE OF EQUITY OF REDEMPTION CT Page 4964
EXHIBIT "F"
 1. Interest on $185,000.00 @ 10% — 6/5/86 — 12/10/86 $ 9,507.15
 2. Interest on $200,000.00 @ 10% — 12/10/86 — 1/25/88 20,864.34
3. TOTAL INTEREST DUE AS OF 1/25/88 $ 30,371.49
4. Plus Principal 200,000.00
5. TOTAL AMOUNT DUE AS OF 1/25/88 230,371.44
 6. Less Value of Equity of Redemption a. Sales Price to Solimene — 2/24/88 $787,500.00 b. Less Amount Paid to Redeem (160,081.41) Talarski Mortgage c. Less Fischman Mortgage Payoff (485,600.00) d. Less Real Estate Taxes Paid (4,997.44) e. Less Mortgage Points and (6,945.00) CBT counsel fees f. Interest — 1/25/88 — 2/24/88 (4,507.00) g. Total = Value of Equity $125,369.15 ($125,369.15 of Redemption
 7. Principal Outstanding as of 1/25/88 105,002.29 allowing credit for Value of Equity of Redemption
 8. Interest on $104,952.85 @ 10% — 1/25/88 — 6/5/88 3,760.81
 9. Interest on $104,952.85 @ 12% — 6/5/88 — 8/8/91 39,985.96
10. TOTAL ACCRUED INTEREST AS OF 8/8/91 $ 43,746.77
11. Plus Attorneys' Fees per Note 38,000.00
12. TOTAL AMOUNT DUE AS OF 8/8/91 $186,799.01 ASSUMING CREDIT PER VALUE OF EQUITY OF REDEMPTION
13. Per Diem $ 34.98
EXHIBIT A
Two certain pieces or parcels of land, with the buildings thereon, CT Page 4965 situated in the Town of West Hartford, County of Hartford and State of Connecticut, known as No. 24 Sunset Farm Road, and more particularly bounded and described as follows, to wit:
First Piece:
Beginning at an iron pipe which marks the northwesterly corner of the premises herein described, which point is one hundred forty (140) feet, when measured along the northerly line of land now or formerly of Guy E. Beardsley, Jr, et al, easterly from the northwesterly corner of land of the said Beardsley et al; thence continuing easterly along said northerly line of land of the said Beardsley et al, three hundred thirty-four and two-tenths (334.2) feet to an iron pipe which marks the northeasterly corner of the premises herein described; thence proceeding at an angle to the right with said last mentioned line of 86 degree 51' 05" southerly a distance of two hundred twenty-seven and thirty-four one-hundredths (227.34) feet along other land of the said Beardsley et al to an iron pipe, thence proceeding at an angle to the right with said last mentioned line of 141 degree 14' 11" along the northwesterly line of said other land of the said Beardsley et al, two hundred seventy-five and fifty-six one-hundredths (275.56) feet to an iron pipe; thence proceeding in a straight line at, an angle to the right with said last mentioned line in a northwesterly direction to a point in the easterly line of land now or formerly of Charles J. Lyon, which point is located three hundred seventy-three and seventy-nine one-hundredths (373.79) feet from the northerly line of land now or formerly of Paul M. Butterworth, when measured along said easterly line of land of said Charles J. Lyon and the easterly line of land now or formerly of Reese H. Harris et al; thence proceeding at an angle to the right with said last mentioned line along said easterly line of said land of Lyon a distance of one hundred five and thirty-five one-hundredths (105.35) feet to a point in the northerly line of said land of Lyon; thence proceeding at an angle to the left of 123 degree 53' 13" with said last mentioned line a distance of seventy and sixty-five one-hundredths (70.65) feet along said northerly line of said land of Lyon to a merestone; thence proceeding at an angle to the right of 87 degree 43' 36" with said last mentioned line along other land of the said Beardsley et al, three hundred twenty-eight and fifty-six one-hundredths (328.56) feet to the point or place of beginning.
Second Piece:
Beginning at a point in the westerly line of land now or formerly of Francis B. Cooley at the northeasterly corner of land now or formerly of Paul M. Butterworth, which point is one hundred ninety-seven and ninety-five one-hundredths (197.95) feet northerly from the northeasterly line of Sunset Farm Road as measured along said westerly line of land of Cooley; thence running westerly along the northerly line of said land of Butterworth, twenty-five and sixty-four one-hundredths (25.64) feet to a point marking the southeasterly corner of land now or formerly of Reese H. Harris et al; thence turning at an angle to the right of 102 degree 50' 30" CT Page 4966 with said last mentioned line and proceeding northerly along the easterly line of said land of Harris and along the easterly line of said land of Charles J. Lyon, three hundred seventy-three and seventy-nine one-hundredths (373.79) feet to a point; thence turning at an angle to the right and running in a straight line in a southeasterly direction along a portion of the southwesterly line of said First Piece to an iron pipe, which iron pipe is located five hundred fifty-three and sixteen one-hundredths (553.16) feet northerly from the northeasterly line of Sunset Farm Road as measured along said westerly line of land of Cooley and as extended northerly in a straight line; thence running southerly at an angle to the right in a straight line along other land of the said Beardsley et al and along said westerly line of land of Cooley a distance of three hundred fifty-five and twenty-one one-hundredths (355.21) feet to the point or place of beginning.
Said premises are conveyed together with certain rights of way appearing of record.
Said premises are subject to easements for water mains and surface water drainage, and to rights of way for ingress and egress, a gas main, electrical and telephone facilities, and to pass and repass to Sunset Farm Road, appearing of record.
Said premises are also subject to building and zoning regulations of public authority and to taxes of the Town of West Hartford on the List of October 1, 1985, which taxes the Grantee assumes and agrees to pay as part consideration for this deed.
Third Piece
A certain piece or parcel of land situated in the Town of West Hartford, County of Hartford and State of Connecticut, being a rear portion of land now or formerly known as No. 38 Sunset Farm Road, and more particularly bounded and described as follows:
Beginning at a point in the north line of land [EDITORS' FN1] Shepherd M. Holcombe, which point is now a northeasterly corner of [EDITORS' FN2] James Kuhe et al, at an iron pipe, which point is situated 99. [EDITORS' FN3] east from a merestone situated in said north line as measured [EDITORS' FN4] said north line and which merestone is situated 168.40 feet east as [EDITORS' FN5] along said north line from a merestone situated in the east line [EDITORS' FN6] set Farm Road; thence running east along land now or formerly of [EDITORS' FN7] Beardsley, Jr., et al, 44.00 feet to a merestone; thence continuing east in a straight line along land of the Grantors 70.65 feet to an [EDITORS' FN8] pipe; thence running southeast along said Grantors' land 105.44 feet to an iron pipe; thence continuing southeast at an interior angle of 164 degree 42' 00" along said Grantors' land 43.00 feet to an iron pipe; thence running west at an interior angle of 80 degree 29' 03" along land of said Kuhe et al, formerly of said Holcombe, 79.24 feet to an iron pipe; thence running north at CT Page 4967 interior angle of 105 degree 30' 58" along land of said Kuhe et al, formerly of said Holcombe, 110.00 feet to an iron pipe; and thence running northwest at an interior angle of 212 degree 12' 47" along land or said Kuhe et al, formerly of said Holcombe, 75.00 feet to the point of beginning.
[EDITORS' FOOTNOTES 1, 2, 3, 4, 5, 6, 7, 8: IN THE ORIGINAL TEXT THERE WERE APPROXIMATELY EIGHTEEN (18) WORDS THAT DO NOT APPEAR HERE BECAUSE THEY WERE NON-TRANSFERRABLE FROM THE ORIGINAL TEXT.]
Said premises are subject to taxes to the Town of West Hartford on the List of October 1, 1985, which taxes the grantee herein assumes and agrees to pay as part consideration herefor.
Said premises are subject to a water main easement from Oliver Harrison Smith, et al to the Board of Water Commissioners of the City of Hartford dated September 12, 1917 and recorded in Volume 37 at page 686 of said Land Records.
2. Perform all of the conditions and covenants herein, and in the Note secured hereby;
3. Comply promptly with all laws, ordinances, regulations and requirements affecting the Premises;
4. Not suffer the commission of waste upon the Premises;
5. Pay promptly before the same shall be delinquent, all taxes and assessments of any kind that may be laid upon the Premises or any part thereof, or upon the interest of the Grantee in the Premises, or upon this Mortgage or the Note or Notes or Debts secured hereby, and any governmental or municipal charges for which lien rights exist;
6. Make and pay promptly the cost of emergency repairs needed to protect the Premises;
7. Keep all buildings on the Premises insured against loss by fire and risks within an extended coverage endorsement to the amount of the fair insurable value thereof, including insurance against damage by flood or similar occurrences in the event such insurance is available, all in insurance companies qualified to do business within the State of Connecticut, with loss, if any, subject to the right of prior mortgages, payable to the Grantee in an amount sufficient to discharge the debt secured by this Mortgage, and to deposit said insurance policies with the Grantee, and to claim no cancellation or return of any policy or premium except from and after the redemption of this Mortgage, and in the event of foreclosure of this Mortgage or transfer of the title of Premises and extinguishment of the CT Page 4968 indebtedness secured hereby, all right, title and interest of the Grantor in and to any insurance policies then in force concerning the Premises shall pass to the Grantee or the purchaser. All such policies shall provide that they shall not be cancelled or terminated prior to ten (10) days written notification to the Grantee.
8. Assign and agree, and hereby does and assign and agree, subject to the right of prior mortgages, to pay over promptly to Grantee any award made with respect to the Premises or any part thereof, whether in condemnation, eminent domain, or taking by any governmental entity or deed in lieu thereof to the extent necessary to discharge the debt secured by this Mortgage.
9. Permit Grantee and any persons authorized by Grantee to enter and inspect the Premises at all reasonable times and for reasonable purposes.
10. In any foreclosure action brought after default hereunder or under the Note secured hereby, consent to a foreclosure by sale as provided under the laws of the State of Connecticut.
11. Pay promptly all amounts secured by the first mortgage upon the Premises and otherwise comply with all of the obligations under such mortgage.
AND IT IS MUTUALLY AGREED THAT:
1. This Mortgage, and the property encumbered hereby, secure Grantor's obligations of every kind and nature set forth or referred to in the Note (as hereinafter defined).
2. In the event of Grantor's breach of any covenant or agreement of Grantor contained in this Mortgage, any covenant, agreement, guarantee or obligations of the Grantor contained in the Note which is secured by this Mortgage, or any covenant or agreement of Grantor contained in any of the prior mortgages set forth above, Grantee at Grantees' option may declare all of the sums secured by this Mortgage and guaranteed by the Note, or either or both, to be immediately due and payable and may invoke against the Grantor any of the remedies permitted by the Mortgage, the Note and by applicable law.
3. All of the provisions shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.
4. Grantees' failure to exercise any rights hereunder upon any default shall not be deemed to be a waiver or CT Page 4969 relinquishment of his right to do so with respect to said default or upon any subsequent default.
5. This Mortgage and the Note secured hereby are to be governed by and construed in accordance with the laws of the State of Connecticut.
THE CONDITION OF THIS DEED IS SUCH that whereas Grantor and Jonathan Greene are collectively indebted to Grantees in the sum of One Hundred Eighty-Five Thousand and 00/100 Dollars ($185,000.00), as evidenced by a certain note of even date herewith, in the face amount of $185,000.00 from the Grantor and Jonathan Greene to the Grantees (hereinafter referred to as the "Note"), a copy of which Note is attached hereto.
NOW, THEREFORE, if all of Grantor's agreements hereinabove contained and all of the Grantor's and Jonathan Greene's obligations of every kind and nature under the Note shall be fully performed in all respects according to their tenor, then this Deed shall be void; otherwise to remain in full force and effect.
IN WITNESS WHEREOF, Grantor has caused these presents to be signed this 5th day of June, 1986.
Witnesses:
SHARI A. GREENE
STATE OF CONNECTICUT : : ss. COUNTY OF :
On this 5th day of June, 1986, personally appeared SHARI A. GREENE, signer and sealer of the foregoing instrument, and acknowledged the same to be her free act and deed, before me.
Commissioner of the Superior Court
MORTGAGE NOTE
$185,000.00 Hartford, Connecticut June 5, 1986
FOR VALUE RECEIVED, JONATHAN GREENE and SHARI A. GREENE, both of 24 Sunset Farm Road, West Hartford, Connecticut 06107, the undersigned, promise to pay to JAMES WALKER and AUDREY WALKER, at 118 A. Sunset Farm Road, West Hartford, Connecticut 06107 the sum of ONE HUNDRED EIGHTY-FIVE THOUSAND AND 00/100 DOLLARS ($185,000.00) with interest payable annually, CT Page 4970 in arrears, at the rate of ten percent (10%) per annum, on the first day of June, 1987 and the first day of June, 1988, together with all taxes assessed upon said sum against the holder hereof, and any costs and expense, including reasonable attorneys fees, incurred in the collection thereof or in the foreclosure of the mortgage securing this note, or in protecting or sustaining the lien of said mortgage. The entire balance of principal and interest outstanding shall become due and payable without notice or demand two (2) years from the date hereof.
In the event of any default in the payment of any installment of principal or interest on this note and such default continuing for a period of fifteen (15) days after the due date thereof, or in the event of any default in the performance of any of the conditions or stipulations of the mortgage securing this note, which is hereby made a part of this note as fully as if herein set forth, then at the option of the holder of this note, the entire amount of principal and interest remaining unpaid shall immediately become due and payable without notice.
Anything herein to the contrary notwithstanding the entire unpaid indebtedness, both principal and interest shall become due and payable on demand at the option of the holder hereof, upon or at any time after a sale or conveyance of any interest in the property securing this mortgage note by any Maker hereof, or by any subsequent owners. Maker shall give prior written notice to Holder hereof of any such proposed sale or conveyance.
Maker agrees that in the event this note is not paid when due, two (2) years from date, it shall thenceforth from the due date until paid bear interest at (a) the rate of twelve percent (12%) per annum, or (b) a rate of interest two percent (2%) above the prevailing prime interest rate (as it may be from time to time), whichever interest rate may be greater, but in no event higher than the highest rate permitted by law. For purposes of this note, the "prime interest rate" shall be deemed to be that interest rate announced (whether or not publicly announced) from time to time by The Connecticut Bank and Trust Company, N.A., as its prime interest rate.
This note is secured by a second mortgage of even date herewith executed and delivered by Shari A. Greene to said James Walker and Audrey Walker conveying certain real estate and property known as 24 Sunset Farm Road, West Hartford, Connecticut, and to be duly recorded on the land records in the Town of West Hartford in the State of Connecticut.
JONATHAN GREENE CT Page 4971
SHARI A. GREENE
MORTGAGE NOTE
EXHIBIT A
$185,000.00 Hartford, Connecticut June 5, 1986
FOR VALUE RECEIVED, JONATHAN GREENE and SHARI A. GREENE, both of 24 Sunset Farm Road, West Hartford, Connecticut 06107, the undersigned, promise to pay to JAMES WALKER and AUDREY WALKER, at 118 A. Sunset Farm Road, West Hartford, Connecticut 06107 the sum of ONE HUNDRED EIGHTY-FIVE THOUSAND AND 00/100 DOLLARS ($185,000.00) with interest payable annually, in arrears, at the rate of ten percent (10%) per annum, on the first day of June, 1987 and the first day of June, 1988, together with all taxes assessed upon said sum against the holder hereof, and any costs and expense, including reasonable attorneys fees, incurred in the collection thereof or in the foreclosure of the mortgage securing this note, or in protecting or sustaining the lien of said mortgage. The entire balance of principal and interest outstanding shall become due and payable without notice or demand two (2) years from the date hereof.
In the event of any default in the payment of any installment of principal or interest on this note and such default continuing for a period of fifteen (15) days after the due date thereof, or in the event of any default in the performance of any of the conditions or stipulations of the mortgage securing this note, which is hereby made a part of this note as fully as if herein set forth, then at the option of the holder of this note, the entire amount of principal and interest remaining unpaid shall immediately become due and payable without notice.
Anything herein to the contrary notwithstanding the entire unpaid indebtedness, both principal and interest shall become due and payable on demand at the option of the holder hereof, upon or at any time after a sale or conveyance of any interest in the property securing this mortgage note by any Maker hereof, or by any subsequent owners. Maker shall give prior written notice to Holder hereof of any such proposed sale or conveyance.
Maker agrees that in the event this note is not paid when due, two (2) years from date, it shall thenceforth from the due date until paid bear interest at (a) the rate of twelve percent (12%) per annum, or (b) a rate of interest two percent (2%) above the prevailing prime interest rate (as it may be from CT Page 4972 time to time), whichever interest rate may be greater, but in no event higher than the highest rate permitted by law. For purposes of this note, the "prime interest rate" shall be deemed to be that interest rate announced (whether or not publicly announced) from time to time by The Connecticut Bank and Trust Company, N.A., as its prime interest rate.
This note is secured by a second mortgage of even date herewith executed and delivered by Shari A. Greene to said James Walker and Audrey Walker conveying certain real estate and property known as 24 Sunset Farm Road, West Hartford, Connecticut, and to be duly recorded on the land records in the Town of West Hartford in the State of Connecticut.
JONATHAN GREENE
SHARI A. GREENE
MORTGAGE DEED
TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:
KNOW YE, that SHARI A. GREENE, of 24 Sunset Farm Road, West Hartford, Connecticut 06107 (hereinafter referred to as the "Grantor"), for consideration of One ($1.00) Dollar and other valuable considerations received to Grantor's full satisfaction of JAMES WALKER AND AUDREY WALKER, OF 118A Sunset Farm Road, West Hartford, Connecticut 06107 (hereinafter collectively referred to as the "Grantee"), does give, grant, bargain, sell and confirm unto the Grantee, their heirs, successors and assigns forever,
All that certain piece or parcel of land, with all improvements thereon, situated in the Town of West Hartford, County of Hartford and State of Connecticut, known as 24 Sunset Farm Road, being more particularly bounded and described as follows:
SEE EXHIBIT A ATTACHED HERETO
(hereinafter referred to as the "Premises"), together with all rights, easements, hereditaments and appurtenances thereunto pertaining, and together with all buildings, structures, improvements or fixtures of any kind and character, now or at any time hereafter constructed or placed upon or fixed to or used in connection with the operation of the Premises, as to all of which the Grantor represents that the Grantor has, and will maintain title free from all prior liens and encumbrances, and all of which shall be deemed to be accessory to and part of the realty and included in the security for the indebtedness secured CT Page 4973 by this Mortgage. There shall be excluded, however, any materials, supplies, merchandise, or other personal property which, in the ordinary course of business, would be consumed, sold or otherwise disposed of.
TO HAVE AND TO HOLD, the Premises above granted and bargained with the appurtenances thereof unto the Grantee, its successors and assigns forever, to its and their own proper use and behoof. And also, Grantor does for herself, her heirs, successors and assigns, covenant with the Grantee, their heirs, successors and assigns, that at and until the ensealing of these presents, she is well seized of the Premises as a good, indefeasible estate in fee simple, and has good right to bargain and sell the same in manner and form as is above written, and that the same are free from all encumbrances whatsoever except as above mentioned.
AND FURTHERMORE, Grantor does by these presents, bind herself and her heirs, successors and assigns forever, to Warrant and Defend the above granted and bargained Premises to the Grantee, their heirs, successors and assigns against all claims and demands whatsoever, except as above mentioned.
GRANTOR FURTHER AGREES TO OR THAT:
1. Keep the buildings and other improvements on the Premises, and all furniture, machinery, fixtures and equipment, in as good repair and condition as at this time or the time of construction or installation as the case may be, ordinary wear and tear only excepted;
MORTGAGE MODIFICATION AGREEMENT
THIS MORTGAGE MODIFICATION AGREEMENT made this 10th day of December, 1986 by and between SHARI A. GREENE, of 24 Sunset Farm Road, West Hartford, Connecticut 06107 (hereinafter referred to as the "Grantor") and JAMES WALKER and AUDREY WALKER, of 112 Revere Street, Boston, MA 02115 (hereinafter collectively referred to as the "Grantee").
WITNESSETH:
WHEREAS, Grantor executed and delivered to Grantee a certain mortgage note in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND and 00/100 DOLLARS ($185,000.00) dated June 5, 1986 (the "Note"); and
WHEREAS, the Note is secured by a mortgage deed in the amount of ONE HUNDRED EIGHTY-FIVE THOUSAND and 00/100 DOLLARS ($185,000.00) dated June 5, 1986 and recorded in Volume 1069 at CT Page 4974 Page 144 of the West Hartford Land Records (the "Mortgage"); and
WHEREAS, Grantor and Grantee wish to modify the Note and Mortgage as hereinafter set forth.
NOW THEREFORE, in consideration of TEN and 00/100 DOLLARS ($10.00) and other good and valuable consideration to each party and hand paid by the other, receipt of which is hereby acknowledged, Grantor and Grantee hereby agree as follows:
1. The Note is hereby modified to change the principal amount thereof, as of the date hereof, to TWO HUNDRED THOUSAND and 00/100 DOLLARS ($200,000.00).
2. The Mortgage is hereby modified by changing the amount thereof to TWO HUNDRED THOUSAND and 00/100 DOLLARS ($200,000.00) and by adding thereto the following provision as Paragraph 12 on Page 2 thereof:
12. In the event that less than all of the Mortgaged Premises is conveyed by the Grantor, the Grantor shall pay to the Grantee, in addition to all principal and interest due and owing under the Note, the additional sum of FIFTY THOUSAND and 00/100 DOLLARS ($50,000.00).
3. Grantor specifically acknowledges that her agreement to increase the amount of the Note and Mortgage to TWO HUNDRED THOUSAND and 00/100 DOLLARS ($200,000.00) and to pay said sum of FIFTY THOUSAND and 00/100 DOLLARS ($50,000.00) is in specific consideration for Grantee's agreement to subordinate this Mortgage to a new Mortgage in the amount of ONE HUNDRED FIFTY THOUSAND and 00/100 DOLLARS ($150,000.00) recorded immediately subsequent hereto.
4. As modified herein, the Note and Mortgage are hereby ratified and confirmed and shall remain in full force and effect.
IN WITNESS WHEREOF Grantor and Grantee have executed this modification on this 10th day of December, 1986.
SHARI A. GREENE
JAMES WALKER
AUDREY WALKER CT Page 4975
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4976